PEOPLE ex rel. UNITED TRACTION CO. v. PUBLIC SERVICE COM-
MISSION OF NEW YORK, SECOND DISTRICT.   (No. 91/85.)

(Supreme Court, Appellate Division, Third Department.   May 5, 1915.)

1. STREET RAILROADS ☞65½, New, vol. 16 Key-No. Series—REGULATION—
PROCEEDINGS BEFORE PUBLIC SERVICE COMMISSION—REHEARINGS.
    Where a hearing before the Public Service Commission, resulting in
an order requiring a street railway company to make certain changes in
its equipment and method of operation, some of which were costly, was
finished in July, 1914, and it was therefore impossible for the company
to urge on the hearing that it would be embarrassed in raising money
because of the foreign war, an application for a rehearing because of
the claimed impossibility to raise the necessary money should have been
granted.

2. CARRIERS ☞12—REGULATION BY PUBLIC SERVICE COMMISSION—REASON-
ABLENESS.
    An order of the Public Service Commission, requiring an Albany street
car company to arrange with the Schenectady Railway Company for the
giving of transfers within the city to passengers entering the cars within
. the city, was reasonable.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7–11, 15–20;
Dec. Dig. ☞12.]

3. STREET RAILROADS ☞65½, New, vol. 16 Key-No. Series—REGULATION BY
PUBLIC SERVICE COMMISSION—QUESTIONS OF FACT.
    While the Public Service Commission would not be justified in order-
ing a street railway company to provide larger cars simply for the pur-
pose of conforming to the style of an aristocratic city, if the smaller
cars were convenient and adequate for the purposes for which they were
being used, where there was evidence before the Commission that the
smaller cars were not convenient or comfortable and not adapted to the
large traffic of a large city, a question of fact was presented for the
Commission's determination.

4. STREET RAILROADS ☞65½, New, vol. 16 Key-No. Series—REGULATION—
PROCEEDINGS BEFORE PUBLIC SERVICE COMMISSION—REHEARINGS.
    Where, after the close of a hearing before the Public Service Com-
mission resulting in an order requiring an Albany street railway com-
pany to make certain changes in its equipment and method of operation,
and among other changes to purchase 42 additional cars, the foreign war
broke out and the company applied for a rehearing, claiming that it
was impossible to raise the necessary money and that the expense of
procuring such cars would be great, the portion of the order relative to
purchasing such cars should not be enforced until a rehearing was had.

5. STREET RAILROADS ☞65½, New, vol. 16 Key-No. Series—REGULATION BY
PUBLIC SERVICE COMMISSION—SUBJECTS OF REGULATION.
    Where a city had by ordinance the power to compel a street car com-
pany to put its wires underground, and pursuant to such power the
company had at considerable expense put certain of its wires under-
ground, the work requiring the tearing up of the streets, which could
only be done by permission of the city, the Public Service Commission
should not have ordered the company to make material yearly extensions
of its underground conduit and feeder system, but should have left it to
the city to order the wires to be put underground and conduits to be
built, as telephone and electric light wires could also be placed in the
conduits, thus requiring but a single tearing up of the streets.

Original certiorari proceeding by the People, on relation of the Unit-
ed Traction Company, against the Public Service Commission of the
State of New York, Second District, to review an order made by such
Commission, and an order denying the relator's request for a rehearing.
Determination modified and affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John E. MacLean, of Albany, Walter C. Noyes, of New York City, Lewis E. Carr, of Albany, and H. T. Newcomb, of Washington, D. C., for relator.

Ledyard P. Hale, of Albany, for respondent.

SMITH, P. J.   [1] By this writ the relator seeks to review the order of the Public Service Commission as to certain changes directed to be made in its equipment and method of operation in the city of Albany, and also its refusal for a rehearing requested by the relator mainly upon the ground that since the hearing upon the application upon which the order was made, by reason of the foreign war, it is claimed, impossible to raise the moneys that are necessary to carry into effect the provisions of the order.   Upon this last proposition we are of opinion that the Commission should have considered the relator's application.   The hearing was finished in July, 1914.   At that time it was impossible to urge before the Commission that the relator would be embarrassed in raising money for the proposed changes by reason of a general war, which had not then been started.   It may appear upon such a hearing that some of the more costly changes should be postponed until such time as the money could be more easily procured therefor, or, on the contrary, it may appear that the existence of the unusual conditions created by the war create no difficulty in raising the necessary fund for the purpose of carrying out the order.

It appears that before the making of the final order a number of recommendations of the Commission's expert had been adopted, and that there were left unheeded 13 particulars in which the relator was directed to make changes.   Those matters are contained in the decision of the Commission, found at pages 595, 596, and 597 of the record. Of those complaint is not now made of the first or second recommendation, nor of the sixth, ninth, or tenth.   No stay upon this certiorari was granted as to the twelfth and thirteenth, and no argument was made before this court thereupon.   So that there is left for consideration only the third, fourth, fifth, seventh, eighth, and eleventh directions in said determination for review.   The third and fourth directions prescribe an increase of service, which it is contended by the relator compel the purchase of six new cars.   There is considerable evidence in the record as to the necessity of this increase.   We are of opinion, however, that the Commission was fully justified in making the directions contained in these paragraphs of the decision, and that the cost of the cars required to be purchased is not sufficient to justify a stay under these provisions until application can be made for a rehearing as to the difficulty in raising the moneys therefor.

[2-4] The fifth provision in the order challenged requires the respondent to arrange with the Schenectady Railway Company for the giving of transfers within the city to passengers entering the cars within the city.   The provision is reasonable, and it is doubtful if the law does not now require the same.   The moneys received for these fares

go to the traction company. Why transfers cannot be required to be given it is difficult to conceive. If objection should be raised by the Schenectady Railway Company, the Public Service Commission would at once give the assistance necessary to effectuate such an arrangement. As to the seventh paragraph, requiring the purchase of 42 additional modern cars, it is strongly contended that the cars in present use are sufficient for the purposes of the road, and are convenient and economical, and that the Commission was not justified in ordering this large expense for the purpose, as is claimed by the relator, of putting on cars "in conformity to the dignity of a city the size of Albany." This, however, was a question of fact. It is probably true that the Commission would not be justified in ordering larger cars simply for the purpose of conforming to the style of an aristocratic city, if the smaller cars were convenient and adequate for the purposes for which they were being used. It is sworn, however, that these smaller cars are not convenient or comfortable, and are not adapted to the large traffic of a large city. These were all questions of fact upon which the Public Service Commission is deemed to have passed, with full knowledge of the existing situation. Their conclusion, we think, is founded upon sufficient evidence. The expense of this improvement, however, it is claimed will be great, and it is upon this in part that a rehearing was asked, to the end that the improvement might be delayed until money could more easily be raised. As to this one item, we are of opinion that the order should not be enforced until the relator has been heard before the Public Service Commission, upon application to be forthwith made, as to the practicability of raising the money therefor under the peculiar exigencies of the times.

[5] The eighth provision of the order requires this relator to make material yearly extensions of its underground conduit and feeder system necessary for the continuance of its service, and that it notify the Commission before April 1, 1915, what extensions would be made during the year 1915, and that it make a similar yearly report thereafter. The city of Albany has by ordinance the power to compel the relator to put its wires underground. Pursuant to that power the relator has at an expense of $50,000 to $100,000 put certain of its wires underground. This work requires the tearing up of the streets of the city of Albany, which can only be done by permission of the city, and it is convincingly urged that with the city should rest the right to order these wires put underground and conduits built, wherein perhaps telephone wires and electric light wires can also be placed, and which will require a single tearing up of the streets, rather than successive excavations, to the annoyance and discomfort of the public. This provision, therefore, of the Commission's order, should be annulled.

One single direction remains to be considered. In paragraph 11 it is required that the relator should before April 1, 1915, install a telephone system exclusively for its use, with telephone switchboard and appliances as described, and in regard to location substantially as indicated in said report. It is extremely doubtful whether there is sufficient in the evidence to authorize any direction for the adoption of any telephone system. Upon the argument, however, the relator did

not strenuously object to this provision, if modified, so that the relator should be required to have its own telephones upon private wires connected with the general office of the telephone company, and such private wires might be with other wires strung upon the poles of the telephone company, or upon private poles. This would make a much simpler system than that described in the order, and to that extent the order should be modified, and, as modified, affirmed.

The determination sought to be reviewed, therefore, should be modified in accordance with this opinion, and, as modified, affirmed, without costs to either party.

Determination modified, in accordance with opinion, and, as modified, affirmed, without costs to either party. All concur.